**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-5058**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SAMUEL IRVIN WHITE,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:06-cr-00002-CMH)

———————————

Submitted:  June 18, 2007              Decided:  July 10, 2007

———————————

Before NIEMEYER, MICHAEL, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

James W. Beane, Jr., Washington, D.C., for Appellant.  Charles P. Rosenberg, United States Attorney, Patrick F. Stokes, Assistant United States Attorney, David B. Joyce, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Irvin White was convicted by a jury of conspiracy to distribute fifty grams or more of cocaine base (i.e., "crack"), in violation of 21 U.S.C. § 846 (2000) and 21 U.S.C. § 841(a)(1) (2000) (Count One); distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Two); possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Three); possession of a firearm in furtherance of drug trafficking as charged in Counts One and Three, in violation of 18 U.S.C.A. § 924(c)(1)(A) (West 200 & Supp. 2007) (Count Four); possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k) (2000) (Count Five); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000) and 18 U.S.C. § 924(a)(2) (2000) (Count Six). The district court sentenced him to 435 months' imprisonment. White claims the evidence was insufficient to support his conviction and sentence on Counts One and Three. For the reasons that follow, we affirm.

We review the district court's decision to deny a Rule 29 motion de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005), cert. denied, 126 S. Ct. 1925 (2006). A jury verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). We "may not weigh the

- 2 -

evidence or review the credibility of the witnesses." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997).

Testimony at trial established that White sold crack cocaine to a group of addicts, including Donald Spinks, his wife Tedrina Spinks, his brother Wally Spinks and others, beginning in 2004. White was introduced to these buyers through another drug dealer known as "TI." White initially sold drugs to the group on the street in the District of Columbia. Later, White sold crack to the group at the Spinks' rented house in Alexandria approximately five times per week for about one year. He also sold distributable "8-ball" quantities of crack to Wally Spinks. TI often accompanied White to the house, and both men carried and displayed handguns during these transactions. White did not package the crack he sold, but broke off pieces from a large rock he carried in his hand or pocket.

After the Fairfax County police executed a search warrant for narcotics at the Spinks' house, Donald Spinks began cooperating with the police. On June 28, 2005, Donald Spinks made a controlled buy of 1.9 grams of crack from White at a nearby Citgo parking lot. TI was in the car with White when he made that sale. On July 5, under the control of law enforcement, Spinks again called White and arranged to buy crack at the Citgo parking lot. White arrived in the parking lot driving a Chevy Suburban he had recently purchased. As White attempted to flee the parking lot without making the

transaction, his vehicle was surrounded by police officers and he was arrested.  Inside the Suburban, police discovered three loaded firearms, $411 cash, a bill of sale for recently purchased tires bearing White's name and credit card imprint, and small particles of crack cocaine, collectively weighing .049 grams.

As to Count One, White challenges the sufficiency of the Government's evidence in establishing both the fact of a conspiracy, and the distribution of fifty grams or more of cocaine base.  To establish a drug conspiracy, the Government must prove: (1) an agreement with another person to violate the law; (2) knowledge of the essential objective of the conspiracy; (3) knowing and voluntary involvement; and (4) interdependence among the alleged conspirators.  United States v. Stewart, 256 F.3d 231, 250 (4th Cir. 2001).  "[A] loosely-knit association of members linked only by their mutual interest in sustaining the overall enterprise of catering to the ultimate demands of a particular drug consumption market" may be sufficient to establish the existence of a conspiracy.  United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993).  We find substantial evidence of the existence of common goals, mutual cooperation, and a long-standing business relationship between White and TI.  See United States v. MacDougall, 790 F.2d 1135, 1146 (4th Cir. 1986).  Donald and Tedrina Spinks' testimony also demonstrates that White distributed

well over fifty grams of crack cocaine to this group of addicts.[*] White's claim that their testimony is inherently not credible, based on their admitted crack cocaine use, fails because the resolution of credibility issues is solely within the province of the jury. See United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998). Accordingly, we affirm White's conviction on Count One.

White also challenges the sufficiency of the evidence on Count Three. To establish possession with intent to distribute, the Government must prove (1) possession of a narcotic controlled substance, (2) knowledge of the possession, and (3) the intent to distribute. United States v. Randall, 171 F.3d 195, 209 (4th Cir. 1999). White claims that even when combined, .049 grams of crack is too small a quantity to be commercially viable. To the contrary, the Government's expert testified that a $10 rock of crack cocaine typically weighs between .05 and .07 grams. In addition, White told two police officers that he went to the Citgo parking lot to sell a small quantity of crack to Donald Spinks. See United States v. Singleton, 441 F.3d 290, 296 (4th Cir. 2006). Accordingly, there was substantial evidence to support the jury's

---

[*]These witnesses and others testified that they are familiar with the effects of crack cocaine, and that the substance they purchased from White was, in fact, crack cocaine. Such lay testimony, along with circumstantial evidence of its appearance, the high price paid, and the furtive nature of the sales, was sufficient to establish the identity of the substance without expert chemical analysis. See United States v. Scott, 725 F.2d 43, 45-46 (4th Cir. 1984).

finding of possession with intent to distribute as charged in Count Three, and we affirm.

Although White is represented by counsel, he has filed a motion seeking leave to submit a pro se supplemental brief, challenging the sufficiency of the evidence on Counts One, Three, Four and Five, and challenging the Government's alleged constructive amendment of Count Four. We grant White's motion, but find his claims meritless. Accordingly, we affirm the district court's judgment in all respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED