**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-7798**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

SAMUEL IRVIN WHITE,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:06-cr-00002-CMH-1; 1:08-cv-01058-CMH)

─────────────

Submitted:  March 22, 2010        Decided:  June 7, 2010

─────────────

Before TRAXLER, Chief Judge, and NIEMEYER and DUNCAN, Circuit Judges.

─────────────

Vacated and remanded by unpublished per curiam opinion.

─────────────

Samuel Irvin White, Appellant Pro Se.  Stephanie Bibighaus Hammerstrom, David Benjamin Joyce, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel White appeals the district court's denial of his Fed. R. Civ. P. 60(b) motion for relief from a final judgment. For the reasons that follow, we vacate the order and remand to the district court for further consideration.

White was convicted by a jury in 2006 of one count of conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) (2006), one count of distribution of cocaine base in violation of § 841(a)(1), one count of possession with intent to distribute cocaine base in violation of § 841(a)(1), one count of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A) (2006), one count of possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k) (2006), and one count of possession of a firearm and ammunition after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). He was sentenced to 435 months in prison. This court affirmed his conviction and sentence. See United States v. White, No. 06-5058 (4th Cir. July 10, 2007) (unpublished).

In early October 2008, White contacted "Federal Post Conviction Litigation" (FPCL), an organization based in California, holding itself out to be a law firm specializing in post-conviction litigation in federal district and appellate

2

courts.  White hired one Eric Von Logan, purportedly an attorney with the FPCL, to file a motion under 28 U.S.C. § 2255 to vacate his conviction and sentence.  The motion, filed on October 8, 2008, was denied by the district court on October 15, 2008, on the ground that Logan was not admitted to practice before the Eastern District of Virginia.

In November 2008, Logan sent White a letter explaining the basis for the district court's dismissal.  That letter represented to White that the district court had dismissed his motion on the ground that it was time barred by the limitations period contained in the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), rather than on the basis of Logan's failure to follow the district court's local rules governing attorney appearances.  Attached to that letter was a document, styled as an order from the district court.  That "order," also dated October 15, explained that the court was dismissing the motion as untimely under the AEDPA.  No such order appears on the district court's docket.  The "order" also bore a signature purporting to be that of presiding District Judge Claude M. Hilton.

White filed a pro se motion in the district court for relief from a final judgment under Fed. R. Civ. P. 60(b).  In that motion, he claimed that the court erred in finding his § 2255 motion time-barred.  The district court, unaware that

3

White apparently had been misled as to the basis of the dismissal of his § 2255 motion, denied the motion for relief. White timely appealed to this court.

Comparing the order filed by the district court with the order White has tendered to this court, we are left with the impression that Logan altered an order of the district court in order to misrepresent to White the basis for the disposition of his § 2255 motion. In addition, we are concerned that Logan may have misrepresented his credentials and may not be a licensed attorney in any jurisdiction. Because these new facts have come to light since the district court decided White's Rule 60(b) motion, however, we consider it appropriate to accord the district court the plenary opportunity to make factual findings and reconsider White's motion for relief from the judgment in light of those findings.

We therefore grant a certificate of appealability, vacate the district court's denial of White's Fed. R. Civ. P. 60(b) motion, and remand this matter to the district court for further consideration of that motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>